The Hon. Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN COSTELLO,<br><br>Defendant. | NO. CR22-160-RSM<br><br>**MOTION FOR PRELIMINARY ORDER OF FORFEITURE**<br><br>NOTE ON MOTION CALENDAR:<br>April 14, 2023 |

The United States respectfully requests a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(b), 21 U.S.C. § 853(p), and Defendant Justin Costello's plea agreement, Dkt. No. 20, forfeiting Defendant's interest in (i) a judgment for a sum of money in the amount of $625,092.02 ("Money Judgment"), representing proceeds Defendant personally obtained from his commission of *Securities Fraud*, in violation of 15 U.S.C. § 78j(b), 78ff, and 17 CFR 240.10b-5, as charged in Count 20 of the Indictment; and (ii) the following property ("Subject Property") as substitute property:

- $60,000.05 in United States currency;
- 63,311.95 Mexican pesos (converted to United States dollars);
- five PAMP 1 oz .999 gold bars;

Motion for Preliminary Order of Forfeiture - 1
*United States v. Costello,* CR22-160-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- one Sunshine Mint 1 oz .999 gold bar;
- one Chopard "Mille Miglia" limited edition 14/250 18k yellow gold wristwatch with black dial and original black leather band, Model # 1254, Serial number 939050;
- one Chopard "Monaco Historique" stainless steel wristwatch with whitedial and black leather band, Model # 8568, Serial # 1929287;
- one 14k yellow gold Cuban link chain with 14k yellow gold gun pendant set with genuine 2.4mm round rubies, emeralds, and diamonds (9 of each) in grip of gun; and
- one 18k yellow gold grenade charm set with 31 0.01 carat full-cut round diamonds.

## I.     FACTS

On September 28, 2022, Defendant was charged in the United States District Court of the Western District of Washington in a 25-count indictment which included, among other offenses, one count of *Securities Fraud* (Count 20), in violation of 15 U.S.C. § 78j(b), 78ff, and 17 CFR 240.10b-5. Dkt. No. 1. The indictment included forfeiture allegations providing notice of the United States' intent to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C), any property constituting, or derived from, proceeds Defendant obtained as a result of the offense, including but not limited to a judgment for a sum of money reflecting the proceeds Defendant obtained as a result of the offense. *Id.* at 35-37.

Before obtaining the Indictment, the United States Attorney's Office for the Western District of Washington had an agreement with Defendant's defense attorney to allow Defendant to self-surrender after the Grand Jury returned an indictment. *See* Declaration of FBI Special Agent Kathleen Moran in Support of Motion for Preliminary Order if Forfeiture ("Moran Decl.") ¶ 6. Defendant did not self-surrender. *Id.* On October 4, 2022, the Federal Bureau of Investigation ("FBI") tracked Defendant's location to El Cajon, California, where FBI agents arrested him. Moran Decl. ¶ 7.

Motion for Preliminary Order of Forfeiture - 2
*United States v. Costello,* CR22-160-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

On October 6, 2022, a witness contacted law enforcement and reported that the witness had discovered a black backpack near where FBI had arrested Defendant two days earlier. Moran Decl. ¶ 8. The witness informed law enforcement that the witness looked inside the backpack and saw identification documents, gold bars, and a wristwatch. *Id*. FBI agents retrieved the backpack from the witness that day. *Id*. FBI obtained a warrant to search the backpack on October 14, 2022. During execution of the search warrant, FBI located and seized the Subject Property, among other property. Moran Decl. ¶ 9.

After seizing the Subject Property, FBI timely initiated administrative forfeiture proceedings against it, pursuant to 18 U.S.C. § 983. Moran Decl. ¶ 10. During FBI's administrative forfeiture procedure, notification was sent to potential third parties, and on January 3, 2023, a third-party claimant ("D.L.&S") filed a claim to the above-identified 14k yellow gold Cuban link chain with a 14k yellow gold gun pendant. *Id*. FBI referred the claim to the United States Attorney's Office for judicial forfeiture. *Id*. The government intends to proceed with forfeiting the Subject Property, including the claimed property, in this criminal proceeding in lieu of filing a civil forfeiture complaint. *See* 18 U.S.C. § 983(a)(3)(C).

On January 18, 2022, Defendant pleaded guilty to securities fraud, in violation of 15 U.S.C. § 78j(b), 78ff, and 17 CFR 240.10b-5. Dkt. No. 20 ("Plea Agreement"). In his Plea Agreement, Defendant agreed to forfeit the above-identified sum of money pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), as it represents proceeds he personally obtained from his commission of the offense. *Id*. ¶ 12. *See also* Dkt. No. 1 (indictment). Defendant admitted in his plea agreement that he personally obtained $625,092.02 in proceeds as a result of the securities fraud offense to which he pleaded guilty, Dkt. No. 20 at 9, and he agreed to the Money Judgment in that amount, *id.* at 16. Defendant further agreed that the Subject Property would be included in an Order of Forfeiture and forfeited to the United States as substitute property pursuant to 21 U.S.C.

Motion for Preliminary Order of Forfeiture - 3
*United States v. Costello,* CR22-160-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

§ 853(p). *Id.* At 16. To that end, Defendant agreed the conditions set forth in 21 U.S.C. §§ 853(p)(1)(A)–(E) have been satisfied. *Id.*

In the Plea Agreement, Defendant acknowledged that the Money Judgment is separate and distinct from any restitution or criminal fine the Court may order in this case. The United States agreed, however, that it would credit any amount Defendant pays toward restitution or a criminal fine as part of a sentence imposed in this case against the outstanding balance of the Money Judgment.

## II.   ARGUMENT

Upon entry of a guilty plea on any count for which criminal forfeiture is sought, the Court is charged with determining what property is subject to forfeiture. Fed. R. Crim. P. 32.2(b)(1)(A). Where, as here, the United States seeks a personal money judgment, part of the Court's charge includes determining "the amount of money that the defendant will be ordered to pay." *Id.* Where forfeiture is required, and unless otherwise impractical, the rules require entry of a preliminary order of forfeiture in advance of sentencing. Fed. R. Crim. P. 32.2(b)(2)(A)–(B). Depending on the Court's forfeiture determinations, the preliminary order of forfeiture may do any or all of the following: (i) set forth the amount of any money judgment; (ii) direct the forfeiture of specific property; and/or (iii) direct the forfeiture of any substitute property "if the government has met the statutory criteria" set forth in 21 U.S.C. § 853(p). Here, the government asks the Court to both order a $625,092.02 money judgment and direct the forfeiture of the Subject Property as substitute property in partial satisfaction of that money judgment.

The requested Money Judgment is warranted here as it represents the minimum proceeds Defendant obtained from his commission of the offense charged in Count 20 of the Indictment. The forfeiture authority for that count is found in 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), which requires forfeiture, as part of the sentence in the criminal case, of property constituting or derived from proceeds of the offense. 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c). In the Ninth Circuit, the Court's

Motion for Preliminary Order of Forfeiture - 4
*United States v. Costello,* CR22-160-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

determination of the amount of a money judgment under 18 U.S.C. § 981(a)(1)(C)—the forfeiture statute that applies to Defendant's convictions of securities fraud—is based on "how much of the proceeds of the crime came to rest with" Defendant. *United States v. Thompson*, 990 F.3d 680, 691 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 616 (2021). That amount is, at a minimum, $625,092.02, based on Defendant's admissions in his plea agreement. Dkt. No. 20 ¶ 12. The Money Judgment is personal to Defendant, and, pursuant to Rule 32.2(c)(1), no third-party ancillary process is required before forfeiting it. Fed. R. Crim. P. 32.2(c)(1) ("[N]o ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.").

The Court should also direct the forfeiture of the Subject Property as substitute property in partial satisfaction of the Money Judgment. Rule 32.2(b)(2)(A) states that a preliminary order of forfeiture may "direct[] the forfeiture of any substitute property if the government has met the statutory criteria." Those criteria are set forth in 21 U.S.C. § 853(p)(1), which states in pertinent part:

> (1) Paragraph (2) of this subsection [relating to the forfeiture of substitute property] shall apply, if any property described in subsection (a) [relating to the forfeiture of specific property], as a result of any act or omission of the defendant –
>
> (A) cannot be located upon the exercise of due diligence;
> (B) has been transferred or sold to, or deposited with, a third party;
> (C) has been placed beyond the jurisdiction of the court;
> (D) has been substantially diminished in value; or
> (E) has been comingled with other property which cannot be divided without difficulty.

Where at least one of those criteria is satisfied—i.e., where a defendant has made otherwise forfeitable specific property unavailable for forfeiture by one or more of the means described in §§ 853(p)(1)(A) through (E)—"Paragraph (2)" of the section directs the Court to order forfeiture "of any other property of the defendant, up to the value of" the specific property. As the Ninth Circuit explained: "[T]he law provides that if, upon conviction, forfeitable assets are unreachable by the government, the court shall order the

Motion for Preliminary Order of Forfeiture - 5
*United States v. Costello,* CR22-160-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

forfeiture of substitute assets: property of the defendant that is not connected to the underlying crime." *United States v. Ripinsky*, 20 F.3d 359, 362 (9th Cir. 1994).

Here, Defendant has agreed that the "conditions set forth in [21 U.S.C. §§] 853(p)(1)(A)–(E) have been satisfied." Dkt. No. 20 at 12. He further expressed his understanding that the United States "may seek to pursue additional property of Defendant as substitute assets up to the unpaid amount" of the Money Judgment. *Id.* Indeed, the Money Judgment represents the specific property—the proceeds of Defendant's securities fraud offense—the government would have forfeited if Defendant had not rendered them unreachable. With Defendant's admission that the government has met the statutory criteria, the Court should direct the forfeiture of the Subject Property as substitute property.

Unlike the Money Judgment, forfeiture of the Subject Property is subject to the third-party ancillary process. Fed. R. Crim. P. 32.2(e)(2)(B); *see also United States v. Lester*, 85 F.3d 1409 (9th Cir. 1996) (third parties may contest the forfeiture of substitute assets in the ancillary proceeding). Thus, upon entry of the Preliminary Order of Forfeiture, the government will follow the procedures set forth in Rule 32.2(b)(6) and 21 U.S.C. § 853(n) for providing third-party notice regarding the Subject Property—including to claimant D.L.&S—and, as necessary, the procedures set forth in Rule 32.2(c) for conducting ancillary proceedings. Any of the Subject Property finally forfeited to the United States, following completion of the third-party notice process and any ancillary forfeiture proceeding, will be applied toward the then-outstanding balance of the Money Judgment.

The Money Judgment is separate and distinct from any restitution or criminal fine the Court may order in this case. In the plea agreement, the United States agreed that it would credit any amount Defendant pays toward restitution or a criminal fine as part of a sentence imposed in this case against the outstanding balance of the Money Judgment. Dkt. No. 20 ¶ 12. Accordingly, if, at the time forfeiture of the Subject Property has

Motion for Preliminary Order of Forfeiture - 6
*United States v. Costello,* CR22-160-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

become final, Defendant has separately made payments toward any restitution obligation or criminal fine imposed by the Court, the United States will revise the forfeiture of the Subject Property so that it does not exceed the then existing Money Judgment balance.

### III. CONCLUSION

For the foregoing reasons, the United States respectfully moves for a Preliminary Order of Forfeiture forfeiting Defendant's interest in the Money Judgment and the Subject Property as substitute property in partial satisfaction thereof. A proposed order is submitted herewith.

DATED this 3rd day of April, 2023.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Jehiel I. Baer*
JEHIEL I. BAER
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-224
Fax: (206) 553-6934
Jehiel.Baer@usdoj.gov

Motion for Preliminary Order of Forfeiture - 7
*United States v. Costello,* CR22-160-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2023, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system, which sends notice of the filing to all ECF participants of record.

    *s/ Donna R. Taylor*
DONNA R. TAYLOR
FSA Paralegal III, Contractor
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-4132
Fax: (206) 553-6934
Donna.R.Taylor@usdoj.gov

Motion for Preliminary Order of Forfeiture - 8
*United States v. Costello,* CR22-160-RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970